UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| THE BANK OF NEW YORK MELLON,<br><br>Plaintiff,<br><br>v.<br><br>RANDY PALMER; YOLANDA PALMER,<br><br>Defendants. | No. 1:17-cv-00707-DAD-SKO<br><br>ORDER SUA SPONTE REMANDING MATTER TO THE FRESNO COUNTY SUPERIOR COURT<br><br>(Doc. Nos. 1, 5) |

This is an unlawful detainer action brought under California state law by plaintiff the Bank of New York Mellon against defendants Randy Palmer and Yolanda Palmer. On May 22, 2017, defendants removed this case to federal court from the Fresno County Superior Court. (Doc. No. 1.) Defendants assert that the basis for removal is the presence of supplemental jurisdiction in connection with the related federal case *Palmer v. The Bank of New York Mellon, et al.*, No. 1:17-cv-00043-DAD-SKO. (*Id.* at 2.)

A district court has "a duty to establish subject matter jurisdiction over the removed action *sua sponte*, whether the parties raised the issue or not." *United Investors Life Ins. Co. v. Waddell & Reed, Inc.*, 360 F.3d 960, 967 (9th Cir. 2004). The removal statute, 28 U.S.C. § 1441, is strictly construed against removal jurisdiction. *Geographic Expeditions, Inc. v. Estate of Lhotka*, 559 F.3d 1102, 1107 (9th Cir. 2010); *Provincial Gov't of Marinduque v. Placer Dome, Inc.*, 582

1

F.3d 1083, 1087 (9th Cir. 2009). It is presumed that a case lies outside the limited jurisdiction of the federal courts, and the burden of establishing the contrary rests upon the party asserting jurisdiction. *Geographic Expeditions*, 559 F.3d at 1106–07; *Hunter v. Philip Morris USA*, 582 F.3d 1039, 1042 (9th Cir. 2009). In addition, "the existence of federal jurisdiction depends solely on the plaintiff's claims for relief and not on anticipated defenses to those claims." *ARCO Envtl. Remediation, LLC v. Dep't of Health & Envtl. Quality*, 213 F.3d 1108, 1113 (9th Cir. 2000). "The strong presumption against removal jurisdiction" means that "the court resolves all ambiguity in favor of remand to state court." *Hunter*, 582 F.3d at 1042; *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992). That is, federal jurisdiction over a removed case "must be rejected if there is any doubt as to the right of removal in the first instance." *Geographic Expeditions*, 559 F.3d at 1107; *Duncan v. Stuetzle*, 76 F.3d 1480, 1485 (9th Cir. 1996); *Gaus*, 980 F.2d at 566. "If at any time prior to judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." 28 U.S.C. § 1447(c); *Gibson v. Chrysler Corp.*, 261 F.3d 927, 932 (9th Cir. 2001). Remand under 28 U.S.C. § 1447(c) "is mandatory, not discretionary." *Bruns v. NCUA*, 122 F.3d 1251, 1257 (9th Cir. 1997); *see also California ex. rel. Lockyer v. Dynegy, Inc.*, 375 F.3d 831, 838 (9th Cir. 2004). Where it appears, as it does here, that the district court lacks subject matter jurisdiction over a removed case, "the case shall be remanded." 28 U.S.C. § 1447(c).

"The presence or absence of federal question jurisdiction is governed by the 'well-pleaded complaint rule,' which provides that federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint." *California v. United States*, 215 F.3d 1005, 1014 (9th Cir. 2000); *see also Dynegy*, 375 F.3d at 838; *Duncan*, 76 F.3d at 1485. Under the well-pleaded complaint rule, courts look to what "necessarily appears in the plaintiff's statement of his own claim in the bill or declaration, unaided by anything in anticipation of avoidance of defenses which it is thought the defendant may interpose." *California*, 215 F.3d at 1014. Accordingly, "a case may not be removed on the basis of a federal defense . . . even if the defense is anticipated in the plaintiff's complaint and both parties concede that the federal defense is the only question truly at issue." *Caterpillar, Inc. v. Williams*, 482 U.S. 386, 392 (1987);

*Wayne v. DHL Worldwide Express*, 294 F.3d 1179, 1183 (9th Cir. 2002); *see also Vaden v. Discover Bank*, 556 U.S. 49, 70 (2009) ("It does not suffice to show that a federal question lurks somewhere inside the parties' controversy, or that a defense or counterclaim, or that a defense or counterclaim would arise under federal law.").

Here, defendants have not shown that removal of this action to this federal court is appropriate. Plaintiff's complaint in this case is a straight-forward unlawful detainer action that is based entirely on state law. As stated above, defendants rely solely on supplemental jurisdiction in connection with the currently pending, related federal case *Palmer v. The Bank of New York Mellon, et al.*, No. 1:17-cv-00043-DAD-SKO. Under § 1367(a), "in any civil action of which the district courts have original jurisdiction, the district courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution." 28 U.S.C. § 1367(a). Section 1367(a), however, "does not authorize supplemental jurisdiction over free-standing state law claims that are related to a separate action over which the court has jurisdiction." *Wescom Credit Union v. Dudley*, No. 2:10-cv-08203-GAF-SS, 2010 WL 4916578, at *3 (C.D. Cal. Nov. 22, 2010); *see also Fabricius v. Freeman*, 466 F.2d 689, 693 (7th Cir. 1972) ("That a related case was pending in federal court was not in itself sufficient grounds for removal under 28 U.S.C. § 1441."); *Putnam Inv., Inc. v. R.E.F.S. Inc.*, No. 1:12-cv-00862-AWI-DLB, 2012 WL 3288241, at *2 (E.D. Cal. Aug. 10, 2012) ("The Court cannot exercise supplemental jurisdiction over claims made in a separate complaint."); *Fed. Nat. Mortg. Ass'n. v. Bridgeman*, No. 2:10-cv-02619-JAM, 2010 WL 5330499, at *5 (E.D. Cal. Dec. 20, 2010) ("[T]hat a related case was pending in federal court at the time of removal is not a proper basis, by itself, for removal and does not establish subject matter jurisdiction."). Thus, even where the court has jurisdiction over a related action, that does not provide a basis for supplemental jurisdiction over this action presenting a purely state law claim.

Because there is no federal question appearing in plaintiff's complaint in this case, defendant has failed to properly invoke this court's jurisdiction. Remand to the Fresno County Superior Court is therefore appropriate and mandatory. 28 U.S.C. § 1447(c); *Geographic*

*Expeditions*, 559 F.3d at 1107; *Bruns*, 122 F.3d at 1257.

Accordingly,

1. This action is remanded forthwith to the Fresno County Superior Court, pursuant to 28 U.S.C. § 1447(c), for lack of subject matter jurisdiction;
2. Defendant's motion to remand (Doc. No. 5) is dismissed as having been rendered moot by this order; and
3. The Clerk of the Court is directed to close this case.

IT IS SO ORDERED.

Dated: __**June 28, 2017**__  _____
UNITED STATES DISTRICT JUDGE